# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO. 1681CV02048

JOSEPH CALLAHAN,                )
        *Plaintiff*,            )
                                )
v.                              )
                                )
MARRIOTT INTERNATIONAL, INC., and )
OTIS ELEVATOR COMPANY,          )
        *Defendants*.           )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Joseph Callahan, plaintiff in the above-captioned action and hereby files this Complaint and shows the Court as follows:

## FACTS COMMON TO ALL COUNTS

1. The plaintiff, Joseph Callahan, is an individual residing in Woburn, Middlesex County, Massachusetts.

2. The defendant, Marriott International, Inc., is a duly organized corporation with a usual and customary place of business located at 1000 Marriott Drive in Quincy, Norfolk County, Massachusetts.

3. Service may be made upon the defendant, Marriott International, Inc., at its usual and customary place of business located at 1000 Marriott Drive in Quincy, Norfolk County, Massachusetts.

4. The defendant, Otis Elevator Company, is a duly organized corporation with a usual and customary place of business located at 95 Shawmut Road, Unit 2, located in Canton, Norfolk County, Massachusetts.

5. Service may be made upon the defendant, Otis Elevator Company, at its usual and customary place of business located at 95 Shawmut Road, Unit 2, located in Canton, Norfolk County, Massachusetts.

6. On or about July 17, 2013, the defendant, Marriott International, Inc., owned and operated the Boston Marriott Quincy Hotel ("Marriott Quincy") located at 1000 Marriott Drive in Quincy, Norfolk County, Massachusetts.

7. At all relevant times, the defendant, Marriott International, Inc., was responsible for the cleaning, maintenance, repair, inspection, and safety of the Marriott Quincy hotel.

8. On or about July 17, 2013, the defendant, Otis Elevator Company, was the elevator maintenance contractor for the Marriott Quincy hotel.

9. At all relevant times, the defendant, Otis Elevator Company, was responsible for the cleaning, maintenance, repair, inspection, and safety of the elevators located on the premises of the Marriott Quincy hotel.

10. At all relevant times, the plaintiff, Joseph Callahan, was lawfully on the premises of the Marriott Quincy hotel.

11. At all relevant times the plaintiff, Joseph Callahan, was in the exercise of due care.

12. At all relevant times, there was a malfunctioning elevator ("elevator") on the premises that was creating an unreasonably dangerous and unsafe condition.

13. At all relevant times, the plaintiff, Joseph Callahan, was using the elevator to travel from the ninth floor down to the fifth floor of the Marriott Quincy hotel.

14. On or about July 17, 2013, the malfunctioning elevator abruptly stopped without warning and jolted the plaintiff, Joseph Callahan.

15. The defendant, Marriott International, Inc., knew, or in the exercise of due care should have known, that the malfunctioning elevator was creating an unreasonably dangerous and unsafe condition.

16. The defendant, Otis Elevator Company, knew, or in the exercise of due care should have known, that the malfunctioning elevator was creating an unreasonably dangerous and unsafe condition.

## COUNT I

### (Negligence –Marriott International, Inc.)

17. The plaintiff, Joseph Callahan restates, and incorporates by reference the allegations contained in paragraphs one (1) through sixteen (16) as if set forth here in their entirety.

18. The defendant, Marriott International, Inc., negligently repaired, maintained, inspected, and monitored the malfunctioning elevator so that it was creating an unreasonably dangerous and unsafe condition.

19. As a direct and proximate result of the negligence of the defendant, Marriott International, Inc., the elevator was caused to abruptly stop without warning and jolt the plaintiff, Joseph Callahan.

20. As a direct and proximate result of the negligence of the defendant, Marriott International, Inc., the plaintiff, Joseph Callahan, has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work, earn income, and perform his usual activities has been restricted; his health has been impaired; he has

been required to spend sums of money for his continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

21. WHEREFORE, the plaintiff, Joseph Callahan requests that judgment be entered against the defendant, Marriott International, Inc., plus interest, costs and reasonable attorney's fees.

## COUNT II

### (Failure to Warn – Marriott International, Inc.)

22. The plaintiff, Joseph Callahan restates, and incorporates by reference the allegations contained in paragraphs one (1) through sixteen (16) as if set forth here in their entirety.

23. The defendant, Marriott International, Inc., negligently failed to provide adequate warnings to the plaintiff, Joseph Callahan, that there was a dangerous and unsafe condition in the malfunctioning elevator.

24. As a direct and proximate result of the negligence of the defendant, Marriott International, Inc., the malfunctioning elevator was caused to abruptly stop without warning and jolt the plaintiff, Joseph Callahan.

25. As a direct and proximate result of the negligence of the defendant, Marriott International, Inc., the plaintiff, Joseph Callahan, has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work, earn income, and perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for his continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

26. WHEREFORE, the plaintiff, Joseph Callahan, requests that judgment be entered against the defendant, Marriott International, Inc., plus interest, costs, and reasonable attorney's fees.

## COUNT III

### (Negligence –Otis Elevator Company)

27. The plaintiff, Joseph Callahan restates, and incorporates by reference the allegations contained in paragraphs one (1) through sixteen (16) as if set forth here in their entirety.

28. The defendant, Otis Elevator Company, negligently cleaned, repaired, maintained, inspected, and monitored the defective elevator so that it was creating an unreasonably dangerous and unsafe condition.

29. As a direct and proximate result of the negligence of the defendant, Otis Elevator Company, the elevator was caused to abruptly stop without warning and jolt the plaintiff, Joseph Callahan.

30. As a direct and proximate result of the negligence of the defendant, Otis Elevator Company, the plaintiff, Joseph Callahan, has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work, earn income, and perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for his continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

31. WHEREFORE, the plaintiff, Joseph Callahan requests that judgment be entered against the defendant, Otis Elevator Company, plus interest, costs and reasonable attorney's fees.

## COUNT IV

### (Failure to Warn – Otis Elevator Company)

32. The plaintiff, Joseph Callahan restates, and incorporates by reference the allegations contained in paragraphs one (1) through sixteen (16) as if set forth here in their entirety.

33. The defendant, Otis Elevator Company, negligently failed to provide adequate warnings to the plaintiff, Joseph Callahan, that there was a dangerous and unsafe condition in the defective elevator.

34. As a direct and proximate result of the negligence of the defendant, Otis Elevator Company, the defective elevator was caused to abruptly stop without warning and jolt the plaintiff, Joseph Callahan.

35. As a direct and proximate result of the negligence of the defendant, Otis Elevator Company, the plaintiff, Joseph Callahan, has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work, earn income, and perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for his continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

36.  WHEREFORE, the plaintiff, Joseph Callahan, requests that judgment be entered against the defendant, Otis Elevator Company, plus interest, costs, and reasonable attorney's fees.

### PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,
Plaintiff, Joseph Callahan,
By his attorneys,

_____
Jeffrey S. Glassman, Esq. BBO#559112
Michael M. D'Isola, Esq. BBO#548279
Law Offices of Jeffrey S. Glassman, LLC
One International Place, 18th Floor
Boston, MA 02110
(617) 367-2900

Dated: 7/15/2016

| CIVIL ACTION COVER SHEET | DOCKET NUMBER  Pending | Trial Court of Massachusetts  The Superior Court |
|---|---|---|
| PLAINTIFF(S): Joseph Callahan  ADDRESS: 35B Cabot Road Woburn, MA 01801 | | COUNTY  Middlesex |
| | DEFENDANT(S): Marriott International, Inc.  Otis Elevator Company | |
| ATTORNEY: Jeffrey S. Glassman, Esq.  ADDRESS: One International Place, 18th Floor Boston, MA 02110 | ADDRESS: 1000 Marriott Drive, Quincy, MA 02169  95 Shawmut Road Unit 2 Canton, MA 02021 | |
| BBO: 559112 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Personal Injury | F | ☒ YES  ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................................. $ 32,037.42
2. Total doctor expenses .............................................................................................................. $
3. Total chiropractic expenses ..................................................................................................... $
4. Total physical therapy expenses ............................................................................................. $
5. Total other expenses (describe below) .................................................................................... $
   Subtotal (A): $
B. Documented lost wages and compensation to date ................................................................. $
C. Documented property damages to dated ................................................................................. $
D. Reasonably anticipated future medical and hospital expenses ............................................... $
E. Reasonably anticipated lost wages .......................................................................................... $
F. Other documented items of damages (describe below) ........................................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
lumbar disc desiccation, left hip effusion and degeneration, left acetabular labrum tear, severe osteoarthritis

TOTAL (A-F): $ 32,037.42

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _[signature]_    Date: July 15, 2016

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _[signature]_    Date: July 15, 2016